IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-133-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MURRAY TRANSFER & STORAGE ) | |
| COMPANY, INC., ) | |
| TERMINAL STORAGE CO., INC., ) | |
| and CHARLES DWAYNE CAULEY, ) | |
| ) | |
| Defendants. ) | |

On June 22, 2016, Murray Transfer & Storage Company, Inc., Terminal Storage Co., Inc., and Charles Dwayne Cauley ("defendants") moved to dismiss plaintiff's complaint [D.E. 8]. See Fed. R. Civ. P. 9(b), 12(b)(6). On July 13, 2016, plaintiff responded in opposition [D.E. 14]. On August 10, 2016, defendants replied [D.E. 16]. On November 1, 2016, the court heard oral argument. As explained in open court and incorporated here by reference, the court denies defendants' motion to dismiss.

The court has reviewed the complaint under Rule 9(b)[1] and Rule 12(b)(6)[2] of the Federal Rules of Civil Procedure. With respect to plaintiff's first, second, and third causes of action against

---

[1] See, e.g., McCauley v. Home Loan Inv. Bank, FSB, 710 F.3d 551, 559–60 (4th Cir. 2013); United States ex rel. Nathan v. Takada Pharms., 707 F.3d 451, 455–61 (4th Cir. 2013); Adkins v. Crown Auto, Inc., 488 F.3d 225, 231–32 (4th Cir. 2007); Dunn v. Borta, 369 F.3d 421, 426–34 (4th Cir. 2004); United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 921–22 (4th Cir. 2003).

[2] See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

defendants, plaintiff's factual allegations "nudged" the claims across the line from mere conceivability into plausibility. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's allegations concerning counts one, two, and three of the complaint also satisfy Rule 9(b) under governing Fourth Circuit precedent. See, e.g., McCauley, 710 F.3d at 559–60; Nathan, 707 F.3d at 455–61; Dunn, 369 F.3d at 426–35. As for plaintiff's quasi-contract claims in counts four and five against defendants, see Compl. [D.E. 1] ¶¶ 143–50, plaintiff has withdrawn those claims.

With that said, defendants' motion to dismiss raises serious issues about plaintiff's claims in counts one, two, and three. Cf. United States ex rel. Owens v. First Kuwati Gen. Trading & Contracting Co., 612 F.3d 724, 734–35 (4th Cir. 2010); United States ex rel. Grupp v. DHL Exp. (USA), Inc., 47 F. Supp. 3d 171, 177–79 (W.D.N.Y. 2014), aff'd sub nom United States ex rel. Grupp v. DHL Worldwide Exp., Inc., 604 F. App'x 40 (2d Cir. 2015) (unpublished); United States v. Space Coast Med. Assocs., LLP, 94 F. Supp. 3d 1250, 1262–63 (M.D. Fl. 2015); United States v. DRC, Inc., 856 F. Supp. 2d 159, 167–68 (D.D.C. 2012). Simply because counts one, two, and three in plaintiff's complaint against defendants are plausible does not mean that, on a full record, plaintiff's claims against defendants will survive a motion for summary judgment.

In sum, defendants' motion to dismiss [D.E. 8] is DENIED. The quasi-contract claims against the defendants in counts four and five of the complaint (Compl. ¶¶ 143–50) are withdrawn and are no longer part of this case.

SO ORDERED. This 2 day of November 2016.

JAMES C. DEVER III
Chief United States District Judge

2